**James Thomas HART, Plaintiff—Appellant,**

v.

**Lawrence L. BRAUN, Public Defender's Office for the County of Napa; et al., Defendants—Appellees.**

No. 04–16685.

D.C. No. CV–03–05580–CW.

United States Court of Appeals, Ninth Circuit.

Submitted April 4, 2005.*

Decided April 7, 2005.

Paul J. Smoot, Anderlini, Finkelstein & Emerick, San Mateo, CA, for Plaintiff–Appellant.

Frank G. Prantil, Attorney at Law, Sacramento, CA, Gary M. Lepper, Lepper & Harrington, Walnut Creek, CA, for Defendants–Appellees.

Before KOZINSKI, HAWKINS, and CLIFTON, Circuit Judges.

## MEMORANDUM**

James Thomas Hart appeals the district court's judgment dismissing his legal malpractice action against his former public defender, Lawrence L. Braun. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's dismissal of a claim on statute of limitations grounds, *Azer v. Connell*, 306 F.3d 930, 936 (9th Cir.2002), and we affirm.

Braun represented Hart in a criminal trial that resulted in Hart's conviction for child molestation. Hart served six years in prison before the Ninth Circuit reversed his conviction upon granting his habeas petition based on ineffective assistance of counsel. *See Hart v. Gomez*, 174 F.3d 1067 (9th Cir.1999).

The district court properly dismissed Hart's malpractice action against his former attorney as time-barred because he

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

failed to meet the statute of limitations for legal malpractice actions in California, set out in Cal.Code of Civ. Pro. § 340.6(a).

Because Hart failed to raise his equitable tolling argument before the district court, we deem it waived. *See Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills,* 321 F.3d 878, 882 (9th Cir.2003) (noting that absent exceptional circumstances, arguments raised for the first time on appeal are not considered). Furthermore, Hart previously brought an unsuccessful 42 U.S.C. § 1983 action against Braun arising out of the same common nucleus of facts, *see Hart v. Braun,* 96 Fed.Appx. 530 (9th Cir.2004) (unpublished), and he is precluded from raising a cause of action that could have been brought in an earlier suit, *see Rein v. Providian Fin. Corp.,* 270 F.3d 895, 898–99 (9th Cir.2001).

*AFFIRMED.*